[Docket No. 7]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

AYANNA GREENE

        Plaintiff,

   v.

LEXISNEXIS RISK SOLUTIONS
INC.,

        Defendant.

Civil No. 23-3107 (RMB-EAP)

**OPINION**

**APPEARANCES**

Ayanna Greene
4222 Sylvan Terrace
Pennsauken, NJ 08110

   *Pro se Plaintiff*

Matthew R. Cali
Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543

   *Attorney for Defendant LexisNexis Risk Solutions Inc.*

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court on a Motion to Dismiss filed by

Defendant LexisNexis Risk Solutions Inc. ("Defendant" or "LexisNexis").

[Docket No. 7.] For the reasons set forth below, Defendant's Motion to Dismiss is

**GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff Ayanna Greene filed this action against Defendant alleging

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA" or

"Act"). [Compl. ¶¶ 1–2.] Plaintiff alleges that Defendant "negligent[ly] and

willful[ly] mix[ed] Plaintiff's consumer credit report with another individual['s]" and

"report[ed] inaccurate information on [] Plaintiff's credit file" which harmed her

credit profile. [Compl. ¶ 3.] Specifically, Plaintiff alleges that while shopping for a

home mortgage with her long-time bank, Navy Federal Credit Union, Plaintiff

discovered that her credit report contained "fraudulent and inaccurate information"

that LexisNexis was reporting to third parties. [Compl. ¶¶ 8–10.] Plaintiff informed

the Consumer Financial Protection Bureau about the allegedly inaccurate

information LexisNexis was reporting to third parties, but the CFPB closed the file

after 30 days finding that Defendant "did not correspond with third parties and that

[] [P]laintiff was not who she said she was." [Compl. ¶¶ 11–12.] Plaintiff alleges that

because of Defendant's failure to remove the fraudulent information from her credit

file, she was unable to receive the home mortgage. [Compl. ¶ 13.]

Plaintiff filed this action on June 6, 2023 alleging that Defendant willfully

violated the FCRA by failing to comply with sections 1681e, 1681i, and 1681b of the

Act. [Compl. ¶¶ 15–19.] On October 18, 2023, Defendant moved to dismiss the

Complaint under Federal Rule of Civil Procedure 12(b)(6). [Docket No. 10.] Plaintiff

did not oppose, and Defendant subsequently requested that the Court deem its

motion unopposed and to consider Plaintiff's failure to file a timely opposition as an abandonment of her claim. [Docket No. 9.]

## II.   LEGAL STANDARD

As an initial matter, although Plaintiff did not file an opposition to the instant motion, "the Court must address unopposed motions to dismiss a complaint on the merits." *Wiggins v. String*, 2013 WL 1222676, at *2 (D.N.J. Mar.25, 2013) (citation omitted). Although a Court may dismiss a case as unopposed, such dismissal is disfavored. *Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011) ("We made clear quite some time ago … our disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant."). Generally, "the Court must address unopposed motions to dismiss a complaint on the merits." *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 182 (D.N.J. 2012) (citation omitted).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*first citing Conley v. Gibson*, 355 U.S. 41, 47 (1957); *then citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *and then citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original). Further, "to determine the sufficiency of a complaint," the Court must follow a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009) (alterations in original)). A district court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (*citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no

set of facts' standard that applied to federal complaints before *Twombly*."). Thus, "[a] motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (*quoting Twombly*, 550 U.S. at 570).

*Pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010).

## III.   DISCUSSION

Defendant offers two primary arguments in support of dismissal. First, it argues that it is not a "furnisher of information" under section 1681s-2 of the FCRA despite Plaintiff's conclusory assertions to the contrary. [Def.'s Mot. at 1.] Second, it argues that even if Defendant was a furnisher of information under the FCRA, Plaintiff alleges that Defendant violated provisions of the FCRA only applicable to consumer reporting agencies, not to furnishers of information. [*Id.*]

### A.      Whether LexisNexis is a "Furnisher of Information"

A "furnisher of information" under governing FCRA regulations is an "entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 16 C.F.R. § 660.2. Here, Plaintiff has not alleged that Defendant furnished any information to a consumer reporting agency. She alleges only that Defendant furnished information to "third parties," but does not allege that those third parties were consumer reporting agencies. [*See* Compl. ¶ 10.] She does allege that Defendant generally is "engaged in the practice of furnishing consumer information to consumer reporting agencies." [Compl. ¶ 5.] But without some sort of allegation that Defendant furnished the information at issue in this case to a consumer reporting agency, Plaintiff has failed to sufficiently allege that LexisNexis was a furnisher of information.

In any case, Plaintiff has not alleged that Defendant violated any FCRA provisions applying to furnishers of information. *See* 15 U.S.C. § 1681s-2 (setting forth responsibilities of furnishers of information to consumer reporting agencies).[1] Nor could she, as alleged. The duties of a defendant-furnisher under 15 U.S.C. § 1681s–2(b)[2] only trigger upon notice from a consumer reporting agency to a furnisher of information that the completeness or accuracy of the information the furnisher

---

[1] As discussed below, Plaintiff alleges that Defendant willfully violated sections 1681e, 1681i, and 1681b of the FCRA which only apply to consumer reporting agencies and not to furnishers of information.

[2] There is no private right of action under 15 U.S.C. § 1681s–2(a). *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681s-2(c), (d)).

6

provided to the consumer reporting agency is disputed by a consumer. *Burrell v. DFS Servs., LLC*, 753 F.Supp.2d 438, 444 (D.N.J.2010) ("[Section] 1681s–2(b) requires that furnishers take certain steps to investigate and correct inaccurate information they have already relayed to the [consumer reporting agency].")*.* Here, Plaintiff alleges that she filed a complaint with the CFPB, which is not a consumer reporting agency. *Harris v. Pennsylvania Higher Educ. Assistance Agency / Am. Educ. Servs.*, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (dismissing claim under § 1681 s-2(b) where plaintiff made complaint to CFBP rather than consumer reporting agency). The CFPB is an independent executive agency established in the Federal Reserve System regulating "the offering and provisions of consumer financial products or services under federal consumer financial laws." *Id.* (quoting 12 U.S.C. § 5491(a)).[3] "Accordingly, under § 1681s-2(b), defendant had no duty to investigate the credit dispute unless defendant received notice of the dispute from a consumer reporting agency." *Prakash v. Homecomings Fin.*, 2006 WL 2570900, at *3 (E.D.N.Y. Sept. 5, 2006).

---

[3] To the extent Plaintiff's theory is that Defendant is both the furnisher of information to a consumer reporting agency and the consumer reporting agency receiving that same information, that theory is rejected. Courts have held that, a single entity cannot be both the furnisher of information to a consumer reporting agency and the consumer reporting agency receiving that same information. *See Alston v. LexisNexis Risk Sols. Inc.*, 2022 WL 17735808, at *4 (D.D.C. Dec. 16, 2022).

**B.    Whether LexisNexis is a Consumer Reporting Agency**

Defendant argues that even if Plaintiff adequately alleged that Defendant is a furnisher of information under the FCRA, the FCRA violations Plaintiff claims under sections 1681e, 1681i, and 1681b of the Act are only cognizable against a consumer reporting agency, not a furnisher of information. Defendant is correct that each of these sections apply only to consumer reporting agencies and not to furnishers. *Serfess v. Equifax Credit Info. Servs., LLC*, 2015 WL 501972, at *4 (D.N.J. Feb. 5, 2015) ("Relief under 15 U.S.C. §§ 1681e and 1681i requires that the defendant be a [consumer reporting agency]."); 15 U.S.C. § 1681b (setting forth conditions necessary for a consumer reporting agency to furnish a consumer report). But to accept Defendant's argument requires the Court to find that Plaintiff has not sufficiently alleged that Defendant is a consumer reporting agency.[4]

Under the FCRA, a "consumer reporting agency" is

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Plaintiff alleges none of this. The Complaint contains no allegations of what "information" Defendant transmits to third parties let alone that

---

[4] Although a single entity cannot be both the furnisher of information to a consumer reporting agency and the consumer reporting agency receiving that same information, it may still be a consumer reporting agency when furnishing credit reports and a furnisher when furnishing information to consumer reporting agencies. *See Alston*, 2022 WL 17735808, at *4.

the information constitutes a "credit report" within the meaning of 15 U.S.C. §
1681a(f).[5] Indeed, Plaintiff's theory of liability seems to be that Defendant is
furnisher of information. [Compl. ¶ 5 ("Defendant LexisNexis is a Georgia
corporation. Defendant Lexis is and was, at all relevant times stated herein, an entity
which engaged in the practice of furnishing consumer information to consumer
reporting agencies, *and is therefore a "furnisher of information"* as contemplated by 15
U.S.C. § 1681s-2(a) & (b)…") (emphasis added).] But as the Court explained, none
of the FCRA sections Plaintiff asserts claims under apply to furnishers of
information at all. The Court will thus grant the Motion to Dismiss but provide
Plaintiff an opportunity to amend.

---

[5] The Court is aware that in other cases, Defendant has been found to be a consumer
reporting agency. *See, e.g.*, *Abdallah v. LexisNexis Risk Sols. FL Inc.*, 2021 WL 1209419,
at *6 (E.D.N.Y. Mar. 30, 2021). But in *Abdallah*, for example, the plaintiff plausibly
alleged that certain reports prepared by LexisNexis—Accurint Reports—were
compilations of data bearing upon consumers' personal characteristics and mode of
living including credit history, known associates, past addresses, criminal records,
aliases, and other kinds of information. There are no such allegations here. The fact
that an entity acts as a consumer reporting agency in one case does not mean they act
in that capacity in all cases. *See Thacker v. GPS Insight, LLC*, 2019 WL 3816720, at *9
(D. Ariz. Aug. 14, 2019) ("That an entity acts as a consumer reporting agency in one
case does not establish that the entity always so acts. Plaintiff must show that
whichever LexisNexis entity produced the report assembles or evaluates information
with the intent of providing a consumer report to third parties.") (emphasis
removed).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED and the Complaint is DISMISSED without prejudice**. An accompanying Order shall issue.


**February 7, 2024**                                **s/Renée Marie Bumb**
Date                                                        RENÉE MARIE BUMB
                                                              Chief United States District Judge

10